### NOURSE v. BIRMINGHAM, Collector of Internal Revenue.

#### Civil Action No. 758.

District Court, S. D. Iowa, Central Division.

June 30, 1947.

Henry H. Griffiths, of Des Moines, Iowa, for Nourse.

Cloid I. Level, Asst. U. S. Dist. Atty., of Des Moines, Iowa, for Collector of Internal Revenue.

DEWEY, District Judge.

Plaintiff claims that he is entitled to a refund on his 1941 income taxes by virtue of the provisions of Section 23 of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 23, which provide for deductions for certain losses sustained during the taxable year and not compensated for by insurance or otherwise.

He claims, and it is admitted, that he made due request for the refund and same has been formally denied and that he has taken all necessary steps to give this court jurisdiction to determine the question involved.

It is established by the uncontradicted evidence that the plaintiff did sustain a loss within the permittable deductions provided for by Section 23 in an amount of between $2500 and $3000, and that he is entitled to a refund in the amount claimed by him of $207.88, if the loss occurred in the year 1941, but not if the loss occurred in the year 1940 as claimed by the Government.

In other words, the issue is very narrow and the only question seriously in dispute is whether or not plaintiff's loss occurred in the year 1940 or in the year 1941.

The plaintiff, among other holdings, owned a farm of 160 acres in Story County, Iowa, and prior to 1940 he had planted thereon a valuable windbreak of trees for the protection of the house, buildings and livestock.

■ The evidence establishes and the court will take judicial notice of the fact that prior to Armistice Day, November 11,

1940, the fall had been unseasonably warm and on that date and while the sap was still in many of the trees, the temperature suddenly dropped and a severe blizzard occurred which caused great damage and destruction to many trees in the State of Iowa. Practically all of the fruit trees were killed except where they were protected by shelters of some kind from the unusually severe and cold winds. While it is not shown by the evidence, it is well known in the State of Iowa, and the court will take judicial notice of the fact, that several duck hunters lost their lives in this blizzard on islands in the Mississippi River, because it was so sudden, unexpected and severe.

It is easy to determine from the evidence that a large number of the trees in this windbreak were either killed or severely injured by this blizzard, and the evidence establishes without dispute that there was a loss by reason of the injury to said windbreak and to the plaintiff by a depreciation of the value of the farm in the above amount.

The evidence discloses that although the source of injury to the trees in the windbreak occurred on November 11, 1940, it did not interfere with the utility and effectiveness of the trees as a windbreak during the winter of 1940–1941. Both the plaintiff's expert and the expert produced by the Collector expressly say that there was no apparent damage to the windbreak until the year 1941. The claim filed by the plaintiff for refund was for loss to a windbreak and not for a loss for the killing of the trees as such.

It must be admitted that the authorities with reference to whether a loss occurred in the year in which it was sustained or in the year it was possible to ascertain the loss with reasonable accuracy are in conflict.

However, it seems to me that the question here is not as to when the loss was discovered or apparent, or when the injury which caused the loss occurred; but the question for determination is one of fact as to the year in which the loss was sustained.

I therefore find the following

### Findings of Fact.

1st. That prior to November 11, 1940, the plaintiff owned a farm in Story County, Iowa, described by him in his petition, and he had planted thereon a valuable windbreak for the protection of the house and livestock on the premises.

2nd. That on the 11th day of November, 1940, an unusual and extraordinary blizzard occurred in Iowa, and in and upon the farm owned by the plaintiff, which injured the trees in the windbreak thereon by reason of the abnormal situation that then prevailed.

3d. That this injury of November 11, 1940, was not apparent and did not at that time affect the foliage on the evergreen trees in the windbreak owned by the plaintiff on said farm, but did cause at least 60 of these trees in the windbreak to wither and die in the year 1941 and caused 60 other evergreens in the windbreak of the 79 that survived to be permanently deformed and disfigured and to be of little or no value as a windbreak. The evergreen trees consisted of firs, spruce and pines.

4th. That although it was the freezing which occurred on November 11, 1940, that ultimately caused the injury to plaintiff's windbreak, there was no apparent or actual damage to the trees as a windbreak in the year 1940.

5th. That the loss sustained to the plaintiff by reason of the injury to the windbreak took place in the year 1941 and not in the year 1940.

And the court finds as

### Conclusions of Law

(1) That this court has jurisdiction of the parties and the subject matter of the suit.

(2) That the losses sustained by the plaintiff occurred in the year 1941.

(3) That plaintiff is entitled to recover as a refund on his 1941 income taxes paid by him in the sum of $207.88.

(4) That plaintiff is entitled to a judgment, which is hereby entered, as against the defendant for the sum of $207.88.

To each and all of the above findings of fact and conclusions of law, defendant excepts.