## UNITED STATES v. BARRET et al.

No. 14177.

United States Court of Appeals Fifth Circuit.

April 2, 1953.

Louise Foster, Sp. Asst. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., and Wm. J. Fleniken, U. S. Atty., Shreveport, La., Charles S. Lyon, Asst. Atty. Gen., A. F. Prescott and William L. Norton, Jr., Sp. Assts. to Atty. Gen., for appellant.

Charles D. Egan, Shreveport, La., for appellees.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

## STRUM, Circuit Judge.

The United States appeals from a judgment for the taxpayer in a suit to recover an alleged overpayment of income taxes for the year 1946.

One of the appellees, William M. Barret, is the owner of a large Colonial-type residence, situate on one of the superior residential streets in Shreveport, Louisiana, upon a plot of ground containing more than three acres. This plot was artistically and symmetrically landscaped with many varieties of trees and shrubs, including crepe myrtle, mimosa, magnolia, oaks, elms, pecans, and a substantial number of large cedar trees many years old. The artful and systematic landscaping of the grounds was one of the chief beauties of the property, adding substantially to its market value.

During December, 1943, and January, 1944, a severe freeze occurred in the Shreveport area, which caused extensive damage to these trees and shrubs, particularly to the large cedars.

In an effort to save as many of the trees as possible, the owner immediately engaged the services of a competent landscape gardener, who advised him not to immediately remove the damaged trees, because it could not then be determined whether they would recover, but to let them stand and await the outcome of the gardener's efforts to revive them from the effects of the freeze. These efforts were continued until April, 1946, a little more than two years, when it was determined that four of the large cedars and a substantial number of other trees and shrubs could not be saved, so they were then removed. Removal of the cedars left particularly unsightly gaps in the landscaping which will require years to fill in with other trees.

No deduction on account of this loss was claimed in the years 1944 or 1945, but in 1946 appellant William M. Barret, and his wife Lola Barret, claimed a deduction of $17,207.75, for said damage. The husband and wife filed separate income tax returns, in which all income was reported on a community basis. Upon the assumption that the property here involved was community property, the husband and wife each claimed one-half the loss, $8603.87.

The Commissioner disallowed the deduction, and added the same to income, which produced a deficiency assessment against Mr. and Mrs. Barret of $5,182.98, each, which they paid, and here sue to recover.

The district court rendered judgment for Mr. Barret alone in the sum of $10,000, which is approximately the total amount of the two deficiency assessments. No recovery was allowed Mrs. Barret, as it developed during the trial that the property damaged was not community property, but was owned separately by Mr. Barret by inheritance from his parents, so he was awarded judgment for approximately the entire sum of the deficiency assessment.

On appeal, the United States questions, primarily, the amount of the damage, and the right of the owner to claim the deduction in the year 1946, asserting that the loss was suffered in 1944 and should have been then claimed. Appellant also asserts that the trial court erred in entering judgment for Mr. Barret in an amount in excess of the deficiency actually paid by him.

 Under section 23(e) (3), Int. Rev.Code, storm damage to trees is a deductible loss, provided the market value of the property on which they grew is decreased thereby. Whipple v. United States, D.C., 25 F.2d 520; Treas.Reg. 111, sec. 29.23(e)–1. And of course the loss is limited to the amount actually sustained with-

in the taxable year. Helvering v. Owens, 305 U.S. 468, 59 S.Ct. 260, 83 L.Ed. 292. The trial judge found the fact of damage, and that the market value of the property was thereby reduced in a sum greater than that claimed as a deduction by the taxpayer. These conclusions are well sustained by the evidence.

■ Of course, the injury to the trees occurred in December, 1943, and January, 1944. But the extent of the damage, and the effect upon the trees were neither known nor ascertainable at that time. When a tree is damaged by freezing, its death is neither certain nor instantaneous. The damage here was latent and uncertain. The taxpayer followed the reasonable and logical course, as well as the advice of his landscape expert, in endeavoring to revive the trees through the years 1944 and 1945, a reasonable period. But when in the Spring of 1946 it was apparent that the trees could not be saved, he removed them and then claimed his loss. That is when the "loss," as distinguished from the "injury," was actually consummated and became ascertainable. Uncasville Mfg. Co. v. Commissioner, 2 Cir., 55 F.2d 893; and Borden v. Commissioner, 2 Cir., 101 F.2d 44, relied on by appellant, are inapposite here. There is nothing to indicate an ulterior motive, taxwise or otherwise, in thus deferring the loss until the outcome of the efforts to save the trees was known. There is no showing that it was more advantageous to the taxpayer to claim the loss in 1946. We conclude, in agreement with the district judge, that the taxpayer acted reasonably in endeavoring to save the trees, and that he is entitled to deduct the loss in 1946, when it became definitely ascertainable. An effort to deduct it in 1944 or 1945 might well have been met with the contention that it was not then certain that the trees would be lost. Nourse v. Birmingham, D.C., 73 F.Supp. 70. Compare Commissioner v. Harwick, 5 Cir., 184 F.2d 835.

■ Counsel for appellees concedes, however, that appellant's contention as to the *quantum* of recovery is well taken. As Mrs. Barret owned no interest in the property, she was not entitled to deduct any part of the loss. The deficiency assessment against her merely increased her tax to what it should have been. A deficiency of only $5,182.98 was assessed against Mr. Barret (exclusive of another small item not here material.) Mrs. Barret paid the remaining $5,182.98 of the total deficiency, which occasioned no overpayment in her tax. As Mr. Barret has overpaid by only $5,182.98, that is all he can recover. This may result in his receiving only half the deduction to which he might have been entitled. But that is the way he returned it. It does not appear that any request for adjustment under 26 U.S.C.A. § 3801 was made. In view of the concession made by appellees at the oral argument, we do not further discuss the effect of 26 U.S.C.A. § 3801. What has been said also disposes of other contentions made by appellant.

The judgment is modified to award appellee William M. Barret a recovery of $5,182.98, with interest at 6% per annum from May 15, 1950, until paid, that being the date on which the deficiency assessment was paid. As so modified, the judgment appealed from is

Affirmed.