Morris **FEINSTEIN** and Leona Feinstein,
Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

No. 9423(2).

United States District Court
E. D. Missouri, E. D.

June 8, 1954.

Martin A. Rosenberg, St. Louis, Mo., for plaintiff.

Harry Richards, U. S. Atty., Robert C. Tucker, Asst. U. S. Atty., St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiffs sue to recover taxes paid for the year 1951, claiming a deductible loss of $3,624.08, by casualty to their dwelling by infestation of termites. Two issues are for ruling: Did plaintiffs sustain a loss by casualty; if so, when did the damage sustained by plaintiffs occur within the meaning of the statute governing year for which such loss is deductible? Our decision on these questions makes ruling unnecessary on the extent of damage. We conclude plaintiffs have failed to carry the burden of showing a taxable deduction for the year claimed.

I.

There is little dispute on the material facts.

The dwelling involved was erected in 1941. The following year termites were found in parts of the building. A termite control agency applied preventative measures. Plaintiffs purchased the property in 1943. Inspection in January, 1944, showed the house free of termites. Two more inspections in 1944 failed to disclose termites. A complete check could not be made. Building changes by plaintiffs prevented an inclusive inspection. In May, 1945, an inspection disclosed termites and plaintiffs were informed of the condition. The termite control agency wrote plaintiffs on June 6, 1945, advising that certain work be done so they could conclude the inspection and prevent termite infestation in the future. We quote from the letter:

"When all areas are opened for inspection, you are to notify us and we will make a *complete inspection* and at that time perform the necessary treating work to outside ground areas, earth below porches, concealed plate, joist and stud and *wood partitions in basement.* * * *

"If, in the future, during the life of our contract and this letter agreement, termite infestation or damage occurs in any of the furred wall areas or spreads to adjacent areas, we are not to be held responsible for this damage.

"We agree to perform any practical treating work to prevent termite infestation *from spreading* from the furred wall areas to the wood construction of the building proper.

"If, after we have tried this practical treating, *it is still found that termite infestation continues* to spread to the wood construction of your home, it will then be necessary to perform adequate treating to the wood furred wall construction of the basement walls which may necessitate redecorating work. This treating work and redecorating work is to be quoted separately and is not included in the above figures.

\* \* \* \* \* \*

"In the event damage to wood members *is found at this* time, Bruce Terminix, Inc. can not be held responsible for this damage (see letter of June 26, 1944)." (Emphasis added.)

Plaintiffs did not comply with the directions of this letter. The failure to act precluded a "complete" inspection of ...e dwelling. Plaintiffs had knowledge, as of June, 1945, of possible and probable further termite infestation discoverable on a complete inspection but did nothing

to discover it. The extent of termite damage and infestation, as of June, 1945, was not known to plaintiffs because of their refusal to take practical and proper means to make discovery. Instead plaintiffs used a general contractor thereafter to make inspections twice yearly and treat the premises for termites. In February, 1951, plaintiffs discovered termites. Then an experienced termite control agency was called. A thorough and complete inspection was made. Extensive and substantial damage was found.

The extent of damage from termites found in February, 1951, was such that it had occurred over a five year period at least. Failure to follow the directions of the June, 1945, letter resulted in failure to discover termites in the unexplored parts of the house.

## II.

■ Section 23 of the Internal Revenue Code (26 U.S.C. 1946) provides losses shall be deductible during the taxable year sustained. See 26 U.S.C. 1946, Sec. 43. Plaintiffs have the burden of proof of showing a deductible loss, and the time the loss was sustained.

■ Here plaintiffs seek recovery for a loss by casualty. An event that can be guarded against and which is foreseeable is not a casualty. In 1945 plaintiffs were warned of the presence of termites. Plaintiffs comment on this episode in their brief:

"It is most logical to believe that with the known knowledge, there were termites in the south porch, if plaintiffs did not hire Bruce Terminix, Inc., they would have hired someone else to clear up the condition; particularly in view of the fact that the plaintiffs did know the house had previously been treated for termite infestation."

In detail plaintiffs were advised how to guard against loss. Plaintiffs, faced with warning of loss and in possession of knowledge of how to prevent it, elected not to act. The result could well be anticipated. It should have been no surprise. It was not a casualty. Ordinary foresight and prudence could have prevented the loss suffered which commenced in 1945 and was finally completely revealed in 1951. But plaintiffs argue:

"From 1945, when treatment was given to the south porch until 1951, a termite condition, if it did exist, was a latent condition, and there was nothing of an unusual nature that occurred during that interim period to have alerted the plaintiffs."

■ Nothing of an unusual nature occurred during this period because plaintiffs elected to evade the damages accruing for as long as possible. As their brief admits, termites were present but plaintiffs in effect hid their heads in the sand and said we will not look behind that partition, lest we have confirmed the warning of the experts.

Plaintiffs cite the Barret case, United States v. Barret, 5 Cir., 202 F.2d 804:

" * * * the U. S. Court of Appeals of the Fifth Circuit affirmed the rule that in a situation where the damage is latent and cannot be ascertained until the year following the casualty, that in such a situation the loss may be deducted in the later year." (Plaintiffs' brief, page 3.)

"Will not" is not to be substituted in this case for "cannot."

Instead of the evidence showing loss for the year claimed the record affirmatively shows the loss was incurred during prior years. Plaintiffs and defendant each called one expert on termites. Each were qualified. Plaintiffs' expert refused to give an opinion as to when the damage occurred. Defendant's expert placed the period as five years. A time that corresponds with the evidence as to discovery of termites and plaintiffs' refusal to act to eliminate them.

■ Our conclusions do not bring us to the issue of amount of loss. If they did, we would hold plaintiffs' valuation expert gave no evidence of probative value. He had not seen the house for many years. Although giving an opinion on sale value of a house infected with termites, he had never made such

sale nor did he have any experience on which to base such an opinion.

█ "Repairs" included sums spent for purposes other than repair of termite damage. The recoverable loss, if there was any, cannot be separated from expenses incurred in work done and material used, for which the defendant would not be liable under any holding.

Let judgment be presented dismissing the complaint.