WINFIELD A. AND VIRGINIA COFFIN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2279–62.   Filed October 21, 1963.

*Harold C. Brown*, for the petitioners.
*Daniel Lee Stewart*, for the respondent.

84

OPINION

In 1950 petitioners purchased 88.24 acres of eroded land near Calistoga, Calif. At the time of purchase, the land had an old vineyard on it and the rest of the land was used for the grazing of livestock. Petitioners received little or no income from the property during the entire period of their ownership up to the year 1958.

In 1958, pursuant to a plan worked out by petitioners and the Soil and Water Conservation Section of the Department of Agriculture, the petitioners had an earthen dam built on the farm and had the gullies filled in. The project cost petitioners a total of $8,202.16. The vineyard on the farm was removed at the time the petitioners had the conservation work done and later this land was utilized for the planting of walnut trees.

It is respondent's position that the construction of an earthen dam and the filling of gullies on the petitioners' farm constituted permanent improvements to the property and increased the value of the property. It also made the cultivatable land subject to new uses, as shown by the planting of a walnut grove. Respondent disagrees with petitioners that the expenditures should be regarded as ordinary and necessary expenses incurred in carrying on petitioners' business of farming under the provisions of section 162 of the 1954 Code.

We agree with respondent. The work was of a permanent character which added value to the property and made possible its use for other purposes. Such work is capital in its nature and not an ordinary and necessary expense under section 162(a) of the 1954 Code. However, section 175(a) of the 1954 Code [1] was designed to ease

---

[1] SEC. 175. SOIL AND WATER CONSERVATION EXPENDITURES.

(a) IN GENERAL.—A taxpayer engaged in the business of farming may treat expenditures which are paid or incurred by him during the taxable year for the purpose of soil or water conservation in respect of land used in farming, or for the prevention of erosion of land used in farming, as expenses which are not chargeable to capital account. The expenditures so treated shall be allowed as a deduction.

this situation. That section provides that a taxpayer engaged in the business of farming may treat expenditures which are paid or incurred by him during the taxable year for the purpose of soil or water conservation in respect of land used in farming or for the prevention of erosion of land used in farming as expenses which are not chargeable to capital account and the expenditures so treated may be taken as a deduction. There is a limitation, however, on the deduction. Sec. 175(b).[2] Not more than 25 percent of the gross income from farming may be deducted in any one year. The respondent now concedes that the $2,000 received by petitioners from the Department of Agriculture is income from farming and as this is petitioners' only income from farming during the year, it would follow that their deduction under section 175(b) is limited to $500. The respondent concedes petitioners are entitled to a deduction in this amount.

The Rule 50 settlement will also give effect to the depreciation deduction on the automobile now conceded by respondent.

*Decision will be entered under Rule 50.*

---

[2] (b) LIMITATION.—The amount deductible under subsection (a) for any taxable year shall not exceed 25 percent of the gross income derived from farming during the taxable year. * * *