JOSEPH T. KATZ and DOROTHY KATZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Katz v. Commissioner
Docket No. 2858-79.
United States Tax Court
T.C. Memo 1983-8; 1983 Tax Ct. Memo LEXIS 780; 45 T.C.M. (CCH) 473; T.C.M. (RIA) 83008; January 5, 1983. *780 In 1970, petitioners purchased a home in New Orleans that had been built on a "floating slab" foundation in 1959. During mid-1974, a "hairline fracture" appeared in the structure of the building as a result of soil subsidence. Casualty loss deductions were claimed in 1975 and 1976 for repairs undertaken during those years. Held, the full extent of the damage, incurred as a result of the alleged casualty, was fixed and ascertainable in 1974. Accordingly, no casualty loss arising therefrom is deductible in 1975 or 1976. Martin A. Welp, for the petitioners. Deborah R. Jaffe, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notices of deficiency dated December 5, 1978 respondent determined deficiencies in petitioners' Federal income taxes for the taxable years 1975 and 1976 in the respective amounts of $3,945.96 and $2,407.81. After concessions, the sole issue remaining for decision is whether petitioners are entitled to casualty loss deductions for the years in issue. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Joseph T. Katz and his wife, Dorothy Katz, resided in New Orleans, Louisiana *782 at the time of filing the petition herein. They filed timely joint Federal income tax returns for 1975 and 1976 with the Office of the Director, Internal Revenue Service, at an unspecified location. Petitioners purchased a home in New Orleans in December of 1970. The personal residence had been built on what is called a "floating slab" foundation in 1959, a popular form of construction during the 1950s. During mid-1974, a "hairline fracture" appeared in the structure as a result of soil subsidence. The crack ran vertically through the residence and was visibly noticable on the walls and ceiling. A "lump" appeared in the dining room carpet. The carport and patio also began to crack at this time. The condition grew worse, and eventually petitioners sought the advice of at least two contractors, both of whom told them that the house ultimately would break in half unless preventive measures were taken. The only solution was to "shore" the house, that is, to insert pilings beneath the structure in order to correct the damage and to prevent further slippage. During 1975 and 1976 such repairs were undertaken by petitioners, resulting in the following expenditures: 1975
Expenditure
Raising the house and installing
pilings
$6,123.00
New plantings for flower beds
267.85
Painting of interior
63.54
Wallpaper for dining room
105.84
New carpet in den
264.00
Replace rain gutter
25.00
$6,849.23
1976
Custom painting and wallpapering
$1,002.40
*783 In addition to the above, petitioners expended $1,065.99 during the 2-year period to correct the damage to their residence. Petitioners deducted a casualty loss in the amount of $7,751.63 in 1975 and in the amount of $1,271.99 in 1976. Respondent disallowed these deductions in their entirety. OPINION Respondent challenges the deductions on three distinct grounds. First, he asserts that the damage to petitioners' home was not the result of a "casualty" within the meaning of section 165(c)(3), I.R.C. 1954. Secondly, he contends that the casualty loss, if any, occurred during 1974, and therefore is not deductible in 1975 and 1976. Finally, respondent argues that petitioners have failed to establish the amount of their loss. The year of the loss is a threshold issue. If the casualty occurred in 1974, the loss generally only can be deducted during that year, secs. 1.165-1(d)(1) and 1.165-7(a)(1), Income Tax Regs.; Kunsman v. Commissioner,49 T.C. 62, 72 (1967), [1] and if such year is not properly before the Court, we are barred from addressing the merits of the casualty loss deduction. Sec. 6214(b). *784 We hold that the loss was not deductible in 1975 or 1976. The damage incurred as a result of the alleged casualty was fixed and ascertainable in 1974. Petitioners concede as much. In their brief they state that "[t]he damage to the taxpayers' residence came suddenly, without warning and was quite substantial." The event giving rise to the loss clearly occurred in 1974. The damage caused thereby was discovered soon thereafter. One's entitlement to a casualty loss deduction cannot be postponed beyond the year in which the full extent of the loss is known. Kunsman v. Commissioner,supra at 72; Hunter v. Commissioner,46 T.C. 477, 492 (1966). We find that the full extent of the damage to petitioners' house was known in 1974, and, accordingly, that no casualty loss arising therefrom is deductible in 1975 or 1976. [2]
Due to concessions, Decision will be entered under Rule 155.
Footnotes
1. There are exceptions to this general rule. However, we do not have before us a situation where there is a claim for reimbursement with respect to which there is a reasonable prospect of recovery, sec. 1.165-1(d)(2)(i), Income Tax Regs., or where the loss did not become apparent or final until some later year, United States v. Barret,202 F.2d 804, 806 (5th Cir. 1953). Petitioners bear the burden of proving that they fit within one of these exceptions. Welch v. Helvering,290 U.S. 111↩ (1933). They have not argued nor do we find any evidence supporting an argument that an exception to the general rule applies.
2. Petitioners may want to consider the possible applicability of the mitigation sections beginning at sec. 1311. See sec. 1.1312-4(b), example (1), Income Tax Regs.↩