**Gary EVERSON and Mary Everson,
Plaintiffs–Appellants,**

**v.**

**UNITED STATES of America,
Defendant–Appellee.**

No. 95–35247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 1996.

Decided March 4, 1997.

Gary Everson, Hendrickson, Everson, Noennig & Woodward, Billings, Montana, for plaintiffs-appellants.

Teresa E. McLaughlin and Gary R. Allen, Attorneys, United States Department of Justice, Washington, D.C., for defendant-appellee.

Before: LAY,* WRIGHT and LEAVY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

We consider whether taxpayers may depreciate or receive tax credits for 250,000 trees and bushes that serve as windbreaks on their commercial farm. We hold that they may not.

## FACTS

In 1983, taxpayers Gary and Mary Everson purchased an undivided 64 percent interest in a 3,700 acre wheat farm in Carbon County, Montana. The purchase price was approximately $1,200,000, including improvements and equipment. The previous owners had planted approximately 250,000 Russian olive trees and Caragana bushes in rows perpendicular to the wind. These "windbreaks" prevent soil erosion and conserve moisture in the fields, thus increasing farm production and revenue. They are not saleable as timber and do not produce fruit, nuts, or any other saleable product.[1]

The Eversons allocated $250,000 of the farm's purchase price to the windbreaks, and in 1983 began depreciating them over a 12-year period using the straightline method. They also took investment credits for their cost. The Internal Revenue Service denied the deductions and credits and imposed penalties for negligent underpayment of taxes. The Eversons paid and then applied for a refund, which the IRS denied. The Eversons then brought this action seeking a refund of taxes and penalties paid, plus interest and litigation costs.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1. These are the stipulated facts underlying the parties' cross-motions for summary judgment. The government conceded them only for the purposes of those motions and this appeal.

The parties filed cross-motions for summary judgment. The court granted the government's motion, denied the Eversons', and entered judgment in favor of the government, effectively denying all relief sought in the complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part. The windbreaks do not qualify for depreciation or investment credits, and the Eversons are not entitled to litigation costs, but the IRS should not have imposed negligence penalties.

## ANALYSIS

We review de novo the grant of summary judgment for the government and denial of summary judgment for the Eversons. *Giovanini v. United States*, 9 F.3d 783, 783 (9th Cir.1993).

### I. Depreciation

■ The Commissioner's determination that the windbreaks are not depreciable is presumed to be correct, and the taxpayers bear the burden of proving it to be erroneous. *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). Moreover, deductions are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any deductions claimed. *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440, 54 S.Ct. 788, 790–91, 78 L.Ed. 1348 (1934).

Under the Accelerated Cost Recovery System ("ACRS"), which the parties agree applies, property may be depreciated only if it is "of a character subject to the allowance for depreciation." 26 U.S.C. § 168(c)(1) (1981). The allowance for depreciation, in turn, is governed by 26 U.S.C. § 167(a) (1954),[2] which has traditionally been interpreted to preclude depreciation of land and of improvements that are part and parcel of the land. *See* Treas.Reg. § 1.167(a)–2 ("A reasonable allowance for depreciation may be claimed on farm buildings, ... farm machinery, and other physical property, but not including land."); *A. Duda & Sons, Inc. v. United States*, 560 F.2d 669, 678–79 & n. 15 (5th Cir.1977)(disallowing depreciation for subsiding peat soil because it was part of the land); *Algernon Blair, Inc. v. Comm'r*, 29 T.C. 1205, 1220–21, 1958 WL 1161 (1958)(finding that grass and shrubs were "inextricably associated" with the land, and therefore not depreciable).

■ The reason for the exception is that land does not generally depreciate in value and, if it does, the loss is accounted for upon disposition. Thus, the cost of improvements inextricably associated with the land is added to the basis in the land, rather than depreciated. *Merten's Law of Federal Income Taxation* § 23A.29 (1990). Taxpayers may depreciate organic land improvements only when this premise does not hold true, such as when an improvement is subject to demonstrable and predictable exhaustion, or when it is associated with a depreciable asset in such a way that the land improvement is no longer useful to the taxpayer once the asset with which it is associated has completed its useful life. *See, e.g., Tunnell v. United States*, 512 F.2d 1192, 1193–94 (3d Cir.1975); *Nourse v. Birmingham*, 73 F.Supp. 70, 71 (S.D.Iowa 1947); *Lacroix v. Comm'r*, 61 T.C. 471, 486, 1974 WL 2693 (1974); *Johnson v. Westover*, 55–1 U.S.T.C. ¶ 9421, 1955 WL 9141 (1955); *Rudolph Investment Corp. v. Comm'r*, 31 T.C.M. (CCH) 573, 576, 1972 WL 2378 (1972); Rev.Rul. 78–264, 1978–28 I.R.B. 6; Rev.Rul. 74–265, 1974–23 I.R.B. 7.

All available sources indicate that the ACRS has preserved the traditional exception for land. *See* 26 U.S.C. § 168(e)(2)(B) (defining depreciable nonresidential real property with reference to § 1250(c), which applies only to real property "which is or has been of a character subject to the allowance for depreciation provided in section 167"); H.R.Conf.Rep. No. 215 at 206, *reprinted in* 1981 U.S.S.C.A.N. at 296 ("Assets that do not decline in value on a predictable basis or that do not have a determinable useful life, such as land, goodwill, and stock, are not depreciable."); I.R.S. Pub. 225, Farmer's Tax Guide,

---

**2.** I.R.C. § 167 provides:

(a) General Rule.—There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear ...

(1) of property used in the trade or business, or

(2) of property held for the production of income.

at 183 (1995); I.R.S. Pub. 946, How To Depreciate Property, p. 15 (1995). And cases decided since the ACRS was passed continue to recognize the exception. *See Eastwood Mall, Inc. v. United States*, 95–1 U.S.T.C. ¶ 50,236, 1995 WL 351387 (N.D.Ohio), *aff'd by unpublished disposition*, 59 F.3d 170 (6th Cir.1995).

■■■ Under the ACRS, then, improvements to land are depreciable only when they have a predictably limited life or when they are associated with depreciable assets. The Eversons have not proven either, and therefore have not shown that the Commissioner erred.[3] In fact, it has not even been established that the windbreaks are subject to wear and tear, exhaustion, or obsolescence. We could find the windbreaks to be depreciable only by dispensing with the fundamental rule that "if no loss is suffered, no allowance for depreciation is reasonable." *Kem v. C.I.R.*, 432 F.2d 961, 963 (9th Cir.1970).[4]

We find additional evidence that windbreaks are not depreciable in 26 U.S.C. § 175(a), which provides a one time deduction for agricultural soil conservation measures *so long as they are not depreciable under section 167*. Section 175 expressly includes the planting of windbreaks as a deductible expense. 26 U.S.C. § 175(c)(1). The accompanying regulations provide:

> Under section 175, a farmer may deduct his soil or water conservation expenditures *which do not give rise to a deduction for depreciation* and which are not otherwise deductible. . . . If a farmer does not adopt this method, such expenditures increase the basis of the property to which they relate.

Treas.Reg. 1.175–1 (emphasis added).

We read § 175 as indicating that Congress does not understand windbreaks to be depreciable under § 167, and that it intended § 175 to ease this situation. *See Coffin v. Comm'r*, 41 T.C. 83, 1963 WL 1256 (1963)(observing that § 175 encourages the use of soil conservation measures by easing the cost of otherwise nondeductible improvements to land). Were we to hold that the windbreaks are depreciable, they could no longer be deducted under § 175. This reading would render meaningless Congress's explicit inclusion of windbreaks in § 175 and could cause considerable hardship for farmers planting new windbreaks.

## II.  Investment Credits

■■■ Our conclusion that the windbreaks are not depreciable requires us to hold that they do not qualify for investment credits. Taxpayers may receive credits only for "property with respect to which depreciation . . . is allowable." 26 U.S.C. § 48 (1954).[5]

## III.  Negligence Penalties

, Neither the order on cross-motions for summary judgment nor the stipulation of legal issues addressed the negligence penalties assessed by the IRS. The complaint, however, requested that the negligence penalties be reversed, and the Eversons addressed this topic in their memorandum in support of summary judgment. We therefore interpret the court's order denying the Eversons' motion and entering judgment in favor of the government as a finding that the negligence penalties were properly assessed. We disagree.

■■■ We review for clear error the finding that the Eversons negligently underpaid their taxes. *Bryant v. Comm'r*, 790 F.2d 1463, 1468 (9th Cir.1986). The Eversons bear the burden of proving error. *Zmuda v. Comm'r*, 731 F.2d 1417, 1422 (9th Cir.1984).

■■■ An underpayment is deemed negligent, and a penalty imposed, only when the

---

3.  The Eversons rely for their contrary argument on materials indicating that orchard trees are depreciable. *See, e.g.*, Rev.Rul. 78–264, 1978–28 I.R.B. 6; Rev.Rul. 69–249, 1969–20 I.R.B. 7; Rev.Rul. 67–51, 1967–1 C.B. 68. The Commissioner, however, has chosen to treat windbreaks differently than orchard trees, and the Eversons have not presented evidence that would permit us to reverse that determination.

4.  We need not reach the issue of whether an asset must have a determinable useful life in order to be depreciable. The stipulated facts do not address the windbreaks' useful lives, and the district court did not consider the issue.

5.  The 1954 Code was in effect when the Eversons purchased the farm in 1983.

taxpayer fails "to make a reasonable attempt to comply with the provisions of" the Code. 26 U.S.C. § 6653(a)(3).[6] We apply the "reasonable, prudent person" standard to determine negligence. *Zmuda*, 731 F.2d at 1422. When a legal issue is unsettled, or is reasonably debatable, an underpayment generally will not meet this standard. *Foster v. Comm'r*, 756 F.2d 1430, 1439 (9th Cir.1985).

■ The specific question raised in this appeal (whether trees planted to prevent soil erosion on a commercial farm are depreciable) is one of first impression and was clearly subject to reasonable debate. The Commissioner should not have imposed negligence penalties on the Eversons.

## CONCLUSION

We hold that trees planted for the purpose of sheltering soil from wind erosion do not qualify for depreciation under I.R.C. § 167 or tax credits under § 48. We hold further that the Eversons' position was not negligent. We reverse the summary judgment for the government on this issue and remand for the court to order a refund of penalties assessed, plus interest. We affirm the denial of costs under § 7430.

**AFFIRMED in part, REVERSED in part.**

6. Section 6653 provides:
(a) Negligence
(1) In general.—If any part of any underpayment ... of tax required to be shown on a return is due to negligence (or disregard of rules or regulations), there shall be added to the tax an amount equal to 5 percent of the underpayment.
* * *
(3) Negligence.—For purposes of this subsection, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of this title....
26 U.S.C. § 6653.
* Section 175 provides in relevant part:
Soil and water conservation expenditures
(a) In general.—A taxpayer engaged in the business of farming may treat expenditures which are paid or incurred by him during the taxable year for the purpose of soil or water conservation in respect of land used in farming, or for the prevention of erosion of land used in farming, as expenses which are not chargeable to capital account. The expenditures so treated shall be allowed as a deduction.

LEAVY, Circuit Judge, concurring in part:

I concur in the majority's opinion except with respect to the discussion of whether windbreaks are part and parcel of the land, and whether they have a predictably limited life or an association with depreciable assets. These considerations are unnecessary in the face of 26 U.S.C. § 175.

I agree with the majority that the allowances for depreciation are governed by 26 U.S.C. § 167(a). Under § 175 * a farmer may treat expenditures for the purpose of soil or water conservation as expenditures not chargeable to capital account and make such expenditures deductible. The same section specifically includes "the planting of windbreaks" within the definition of "expenditures ... for the purpose of soil or water conservation...."

Further, § 175 excludes from its scope structures, appliances, or facilities which are of a character subject to depreciation under § 167.

The only choice to a taxpayer is to treat expenditures for windbreaks as additions to a capital account or as an expense. The election to treat the expenditures as an expense under § 175 is not available to the Eversons, and because of the restrictive language of § 175, neither is a deduction for depreciation under § 167. They are left with only an

* * * *
(c) Definitions.—For purpose of subsection (a)-
(1) the terms "expenditures which are paid or incurred by him during the taxable year for the purpose of soil or water conservation in respect of land used in farming, or for the prevention of erosion of land used in farming" means expenditures paid or incurred for the treatment or moving of earth, including (but not limited to) leveling, grading and terracing, contour furrowing, the construction, control, and protection of diversion channels, drainage ditches, earthen dams, water-courses, outlets, and ponds, the eradication of brush, and the planting of windbreaks. Such term does not include—
(A) the purchase, construction, installation, or improvement of structures, appliances, or facilities which are of a character which is subject to the allowance for depreciation provided in section 167, or
(B) any amount paid or incurred which is allowable as a deduction without regard to this section.

inclusion of the price of the windbreaks in their capital account.