T.C. Memo. 2000-145


UNITED STATES TAX COURT


THOMAS J. MITCHELL AND JANICE M. MITCHELL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No.  14056-98.                    Filed April 21, 2000.

        Ps move the Court for litigation costs under sec.
7430, I.R.C.  R had determined a deficiency in Ps' 1994
and 1995 Federal income taxes and accuracy-related
penalties with respect thereto.  R's determination was
primarily attributable to an unclear application of a
recent statutory amendment.  We rejected R's
application of that amendment and held that Ps were not
liable for the resulting deficiencies or accuracy-
related penalties.  <u>Held</u>: R's position as to the
deficiencies was substantially justified; hence, Ps are
not entitled to an award of litigation costs with
respect thereto.  <u>Held</u>, <u>further</u>, R's position as to the
accuracy-related penalties was not substantially
justified; hence, we shall award litigation costs to Ps
to the extent that their claimed costs are attributable
to the accuracy-related penalties issue.

Arthur G. Jaros, Jr., for petitioners.

William I. Miller, for respondent.

MEMORANDUM OPINION

LARO, Judge:  Petitioners move the Court under section 7430 for an award of $12,296 in litigation costs.  Respondent objects thereto and has filed with the Court a memorandum (respondent's memorandum) in support of his objection.  We must decide whether respondent's positions in this proceeding were substantially justified.  We hold they were not to the extent discussed herein and award petitioners $1,844 of litigation costs.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the relevant years, Rule references are to the Tax Court Rules of Practice and Procedure, and dollar amounts are rounded.  References to petitioner are to Thomas J. Mitchell.

## Background

While residing in Lockport, Illinois, petitioners petitioned the Court to redetermine respondent's determination that they were liable for Federal income tax deficiencies of $13,517 for 1994 and $14,407 for 1995 and accuracy-related penalties of $2,703 for 1994 and $2,881 for 1995 for substantial understatement of income tax.  Respondent's determination was

primarily attributable to his determination that petitioner's tax home was in Century City, California, rather than in Orland Park, Illinois, as petitioners asserted. In Mitchell v. Commissioner, T.C. Memo. 1999-283, we held that petitioner's tax home was in Orland Park, Illinois, and, accordingly, that petitioners were not liable for the resulting deficiencies or accuracy-related penalties. Petitioners filed the instant motion with the Court shortly thereafter.

## Discussion

We may grant petitioners' motion if they meet the statutory requirements for an award of litigation costs. See sec. 7430(b) and (c). The parties agree that petitioners meet those requirements if, and to the extent that, respondent's positions in this proceeding were not substantially justified. Respondent advanced two positions in this case, one as to the situs of petitioner's tax home and the other as to the applicability of the accuracy-related penalties. We may award litigation costs to petitioners to the extent that either of those positions was not substantially justified; i.e., it did not have a reasonable basis in law and fact. See Pierce v. Underwood, 487 U.S. 552, 563-565 (1988); Swanson v. Commissioner, 106 T.C. 76, 86 (1996). We test the justification for each position independently. See Foothill Ranch Co. Partnership v. Commissioner, 110 T.C. 94, 97 (1998); Swanson v. Commissioner, supra at 92, 97.

We begin with respondent's determination that petitioner's tax home was in Century City. The thrust of respondent's position on this issue was that petitioner's house was in Illinois, and, pursuant to section 162(a), that his work in and around Century City was considered indefinite because it occurred in at least 5 different years. Petitioner's tax home would have been in the Century City area if his work there was indefinite, as opposed to temporary. See Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968), and the cases cited therein.

We do not believe that respondent's position on this issue was unreasonable in either fact or law. As respondent points out in respondent's memorandum, our Memorandum Opinion in this case, Mitchell v. Commissioner, T.C. Memo. 1999-283, was the first to apply a 1992 amendment to section 162(a) to the case of an independent contractor such as petitioner. In accordance with that amendment, a taxpayer "shall not be treated as being temporarily away from home during any period of employment if such period exceeds one year". We agree with respondent that it was not unreasonable for him to have interpreted this amendment adversely to petitioners under the facts herein. See Estate of Wall v. Commissioner, 102 T.C. 391 (1994).

As to respondent's position on the applicability of the accuracy-related penalties, we conclude differently. Respondent sets forth in respondent's memorandum no legitimate justification

for his position on this issue, asserting, in part, that the fact "that there was no prior case authority under the facts of this case * * * would appear to defeat petitioners' argument that respondent's position [on this issue] was unreasonable." We disagree. We do not believe it reasonable for respondent to assert an accuracy-related penalty under section 6662(a) in a case of first impression involving the unclear application of an amendment to the Internal Revenue Code. See <u>Bunney v. Commissioner</u>, 114 T.C. ___ (2000); <u>Lemishow v. Commissioner</u>, 110 T.C. 110, 114 (1998); <u>Hitchins v. Commissioner</u>, 103 T.C. 711, 720 (1994); see also <u>Everson v. United States</u>, 108 F.3d 234, 237-238 (9th Cir. 1997). Given the lack of any precedent disfavoring petitioners or favoring respondent, it was unreasonable for respondent to have prosecuted his determination that petitioners had not with substantial authority or in good faith taken a position that petitioner's tax home was in Orland Park, Illinois. The accuracy-related penalty provisions do not apply to a nontax shelter case to the extent that a taxpayer has substantial authority for a position, see sec. 6662(d)(2)(B) and (C), and substantial authority exists when the weight of authorities supporting that position is substantial vis-a-vis the weight of authorities supporting a contrary position, see sec. 1.6662-4(d)(3)(i), Income Tax Regs. Petitioners acted reasonably and in good faith in taking their position. Subject to a narrow

exception that is not pertinent here, the accuracy-related penalty under section 6662(a) is inapplicable "with respect to any portion of an underpayment if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." Sec. 6664(c)(1); see also sec. 6664(c)(2). Respondent's position as to the accuracy-related penalties was unreasonable in both fact and law.

We turn to apportion petitioner's litigation costs to the accuracy-related penalties issue. Respondent does not contest the reasonableness of petitioners' costs for the entire litigation, and neither do we. We do not believe, however, that many of those costs are attributable to petitioners' defense of respondent's determination of the accuracy-related penalties. Petitioners' itemized statement of litigation costs does not set forth with any specificity the amount of those costs that is attributable to the accuracy-related penalties issue; thus, we proceed to determine that apportioned amount on the basis of the record. See Ragan v. Commissioner, 135 F.3d 329, 335 (5th Cir. 1998), affg. T.C. Memo. 1995-184, and the cases cited therein; see also Dixon v. Commissioner, T.C. Memo. 2000-116; Lozon v. Commissioner, T.C. Memo. 1997-537.

Petitioners devoted little time at trial to the accuracy-related penalties issue, and they spent even less time on that issue on brief. They did, however, devote much of the instant

motion to the recovery of litigation costs due to respondent's determination of the accuracy-related penalties.  We bear in mind the fact that section 7430 allows taxpayers to recover litigation costs incurred in the preparation and prosecution of a motion requesting such costs, see Han v. Commissioner, T.C. Memo. 1993-386, and we apportion 15 percent of petitioners' requested costs to the accuracy-related penalties issue.  We award petitioners $1,844 in litigation costs.

We have considered all arguments in this case and, to the extent not discussed above, find them to be irrelevant or without merit.  To reflect the foregoing,

An appropriate order will be issued, and decision will be entered under Rule 155.