110 T.C. No. 8

UNITED STATES TAX COURT

FOOTHILL RANCH COMPANY PARTNERSHIP,
BUCK EQUITIES, LTD., TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26341-95.                    Filed February 9, 1998.

        P is the tax matters partner of a partnership
comprised of four other partners.  Two of the
partnership's partners are partnerships.  P filed a
motion for reasonable litigation costs pursuant to sec.
7430, I.R.C., and contended that R was not
substantially justified in determining that petitioner
was not entitled, pursuant to sec. 460, I.R.C., to use
the percentage of completion method of accounting.
        1.  Held:  R's position, relating to whether P was
entitled to use PCM, was not substantially justified.
        2.  Held, further, first-tier partners that meet
the net worth requirements of sec. 7430, I.R.C., are
eligible to receive an award.
        3.  Held, further, a partner in a TEFRA
partnership proceeding may receive an award for
litigation costs that are paid or incurred by the
partnership only to the extent such fees are allocable
to that partner.

4. _Held, further_, the amount sought by P for litigation costs is not reasonable and is adjusted accordingly.

Michael S. Harms and McGee Grigsby, for petitioner.

William H. Quealy, Jr. and Paul B. Burns, for respondent.

OPINION

FOLEY, Judge: This matter is before the Court on petitioner's motion for an award of litigation costs pursuant to section 7430 and Rule 231. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

In early 1987, Laguna Niguel Properties, a Delaware corporation, purchased the Whiting Ranch, a parcel of approximately 2,743 acres of undeveloped land. Laguna subsequently exchanged the Whiting Ranch for an interest in Foothill Ranch Company Partnership (FRC), a California limited partnership.

In March of 1988, FRC and Orange County, California, executed an agreement that provided: (1) FRC would be allowed to build housing units on the Whiting Ranch; (2) FRC would construct a library, a school, roads, water and sewer lines, and other

improvements; and (3) the county would incrementally issue FRC permits to construct housing units as FRC fulfilled its obligation to construct the aforementioned buildings and improvements.

In May of 1988, FRC executed separate agreements, with Lyon Communities, Inc. (Lyon), and P.B. Partners (Partners), to sell each of them a large parcel of the Whiting Ranch. Lyon and Partners entered into their respective agreements with the intention to develop each of their parcels. To ensure that the county would issue the construction permits necessary for such development, each sales agreement provided that FRC would fulfill its construction obligations to the county. The sales agreements also imposed on FRC construction obligations that were unrelated to its obligations to the county (e.g., the construction of affordable housing units). In addition, the sales agreements provided that Lyon and Partners would perform some of the construction required pursuant to FRC's obligations to the county.

By the end of FRC's 1988 tax year, FRC had not completed its construction obligations. On its 1988 Form 1065 (U.S. Partnership Return of Income), which was filed on October 16, 1989, FRC used the percentage of completion method of accounting (PCM) to calculate the income attributable to its property transactions with Lyon and Partners. On September 28, 1995,

respondent mailed FRC a Notice of Final Partnership Administrative Adjustment (FPAA).  In the notice, respondent determined that FRC could not use PCM to calculate the income attributable to the aforementioned property transactions and that FRC underreported its gross receipts by $90,801,873.

On December 18, 1995, Hon Property Investments, Inc., on behalf of FRC, filed a petition.  On the date the petition was filed, FRC was comprised of Hon Property Investments, Inc., Hon Family Trust, Hon Family Ventures, Ltd., Hon Irrevocable Income Trust, and Buck Equities, Ltd.  On February 16, 1996, respondent, contending that Hon Property Investments, Inc., was not FRC's tax matters partner, filed a motion to dismiss for lack of jurisdiction.  FRC subsequently amended the petition to list Buck Equities, Ltd., as the tax matters partner, and on September 17, 1996, we denied respondent's motion.  On November 4, 1996, respondent filed his answer.

Petitioner on January 30, 1997, filed a motion for summary judgment contending that, pursuant to section 6229(a), the 3-year period of limitations on assessment was applicable and this period had expired before respondent issued the FPAA.  The parties subsequently settled the case and filed a stipulation, which made no adjustments to FRC's reported income.  Petitioner, on June 10, 1997, filed its motion for litigation costs.

<u>Discussion</u>

Pursuant to section 7430, we may award reasonable litigation and administrative costs to a prevailing party in any tax proceeding with the United States. Litigation costs will not be awarded unless the prevailing party establishes that it exhausted its administrative remedies. Sec. 7430(b)(1). In addition, the prevailing party may not receive an award relating to any portion of the proceedings that such party unreasonably protracted. Sec. 7430(b)(4). Respondent concedes that petitioner has exhausted its administrative remedies, but contends that petitioner has failed to establish: (1) It was a prevailing party; (2) it did not unreasonably protract this proceeding; and (3) its litigation costs were reasonable.

I. Prevailing Party

To be a "prevailing party", a party in the proceeding must: (1) Establish that the position of the United States was not substantially justified; (2) substantially prevail in the controversy; and (3) meet the net worth and number of employees requirements (net worth requirements) of the Equal Access to Justice Act (EAJA), 28 U.S.C. sec. 2412(d)(2)(B) (1994). Sec. 7430(c)(4)(A). Respondent concedes that petitioner has substantially prevailed in this controversy, but contends that petitioner has failed to satisfy the remaining requirements.

A. Substantial Justification

Respondent's positions are substantially justified only if they have a reasonable basis in law and fact. Norgaard v.

Commissioner, 939 F.2d 874, 881 (9th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1989-390. The justification for each of respondent's positions must be independently determined. See, e.g., Powers v. Commissioner, 51 F.3d 34, 35 (5th Cir. 1995); Swanson v. Commissioner, 106 T.C. 76, 92, 97 (1996).

During the course of this proceeding, respondent contended: (1) The petition was defective because it did not designate the proper tax matters partner; (2) the period of limitations on assessment had not expired; and (3) petitioner was not entitled to use PCM to report its income. Petitioner does not challenge respondent's position relating to the tax matters partner and period of limitations issues. As a result, petitioner is not entitled to fees relating to those issues. Petitioner contends, however, that respondent's position, regarding the PCM issue, was not substantially justified.

Section 460(a) requires taxpayers to use PCM to report income from any long-term contract. A long-term contract is "any contract for the manufacture, building, installation, or construction of property if such contract is not completed within the taxable year in which such contract is entered into." Sec. 460(f)(1). Notice 89-15, 1989-1 C.B. 634, provides additional guidance regarding the definition of a long-term contract. The notice provides, in pertinent part, that a long-term contract includes "any contract for the production or installation of real property or any improvements to real property", if the contract

is not completed within the taxable year in which it is entered into. Notice 89-15, Q&A-2, 1989-1 C.B. 634. The notice further provides that a contract for the sale of property may be a long-term contract if the "building, installation, or construction of the subject matter of the contract is necessary in order for the taxpayer's contractual obligations to be fulfilled". Notice 89-15, Q&A-4, 1989-1 C.B. 634.

Petitioner's sales agreements required the construction of buildings and improvements to real property. Nevertheless, respondent, relying on Notice 89-15, Q&A-4, 1989-1 C.B. 634, contended that the agreements were not long-term contracts because the sale of the parcels, rather than construction of buildings and improvements, was the "primary subject matter" of the agreements.

Contrary to respondent's contention, the construction of buildings or improvements to real property need not be the primary subject matter of the contract. Rather, such construction need only be necessary to fulfill the taxpayer's contractual obligation. Pursuant to the sales agreements, FRC was obligated to construct buildings and improvements relating to the Whiting Ranch. Moreover, Lyon's and Partners' rights to develop their land were limited until these obligations were fulfilled (i.e., the county would incrementally issue construction permits as the obligations were fulfilled). In addition, the sales agreements imposed on FRC construction

obligations that were unrelated to its obligations to the county (e.g., the construction of affordable housing units). As a result, the construction of buildings and improvements to real property was necessary to fulfill FRC's obligations under the sales agreements, and these obligations were not completed within the 1988 tax year. Accordingly, we conclude that respondent's position relating to this issue was not substantially justified.

B. <u>Net Worth</u>

To be a "prevailing party", a party must meet EAJA's net worth requirements. Sec. 7430(c)(4)(A)(iii). Specifically, a party that is a corporation or partnership may not have a net worth of more than $7,000,000 or more than 500 employees. EAJA, 28 U.S.C. sec. 2412(d)(2)(B) (1994). Petitioner and respondent have differing views regarding who must meet the net worth requirements. We reject both parties' contentions.

Petitioner contends that we must look to the partnership entity, FRC, to determine whether the net worth requirements are met. This partnership proceeding, however, is governed by the procedural rules of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648, codified as secs. 6221-6233. The partners, rather than the partnership entity, are the parties in a TEFRA proceeding. See secs. 6226(c), 6228(a)(4); Rule 247; <u>Chef's Choice Produce, Ltd. v. Commissioner</u>, 95 T.C. 388, 395 (1990); see also <u>Southwest Marine, Inc. v. United States</u>, 43 F.3d 420 (9th Cir. 1994)

(holding that a nonparty could not be a "prevailing party" under EAJA).

Respondent contends that only those persons or entities whose tax liabilities are affected by the outcome of the proceeding are eligible to receive an award. Because petitioner and Hon Family Ventures, Ltd., are pass-through entities, respondent contends that the Court should require petitioner's and Hon Family Ventures, Ltd.'s partners to establish that they meet the net worth requirements. Respondent further contends that if petitioner's and Hon Family Ventures, Ltd.'s partners are pass-through entities, the "look-through" process must continue until it reaches a person or entity whose tax liability is affected by the outcome of the proceeding. Respondent's proposed "look-through rule", however, contradicts the congressional determination that a partnership may receive litigation costs. EAJA, 28 U.S.C. sec. 2412(d)(2)(B) (1994) (stating that a party includes "any partnership" that meets the net worth and number of employee requirements).

Pursuant to EAJA and the TEFRA partnership rules, we hold that first-tier partners that meet the net worth requirements are eligible to receive an award. Petitioner, Hon Family Ventures, Ltd., and Hon Property Investments, Inc., have established that they meet the net worth requirements. Accordingly, they are prevailing parties. No evidence has been submitted relating to the net worth of either Hon Family Trust or Hon Irrevocable

Income Trust and, as a result, they have not met the net worth requirements. We note that the presence of ineligible partners does not preclude the eligible partners, petitioner, Hon Family Ventures, Ltd., and Hon Property Investments Inc., from receiving an award. See, e.g., Sierra Club v. United States Army Corps. of Engrs., 776 F.2d 383, 393-394 (2d Cir. 1985) (concluding that the presence of 1 ineligible party did not prevent 11 eligible parties from receiving an award).

II. Unreasonable Protraction of Proceeding

Costs may not be awarded for any portion of the proceeding which the prevailing party "unreasonably protracted". Sec. 7430(b)(4). Respondent contends that petitioner unreasonably protracted this proceeding by failing to select properly a tax matters partner and, therefore, the costs relating to the preparation of petitioner's objection to respondent's motion to dismiss should be denied. Respondent's contention is moot because we have already concluded that petitioner may not recover costs relating to the tax matters partner issue.

III. Determination of Reasonable Costs

Petitioner claims litigation costs totaling $224,816. Petitioner is only entitled to these costs, however, if such costs were both incurred and reasonable. Sec. 7430(a)(2).

A. Costs Incurred

A party's award for litigation costs is limited to the costs that the party actually paid or incurred. Frisch v.

Commissioner, 87 T.C. 838, 846 (1986); Thompson v. Commissioner,
T.C. Memo. 1996-468.  FRC paid all the litigation costs in issue.
We conclude that a first-tier partner of FRC may receive an award
for such costs only to the extent they were allocated (e.g.,
under the partnership agreement) to that partner.  The costs paid
by FRC were allocated to petitioner, Hon Family Ventures, Ltd.,
and Hon Property Investments, Inc., as follows:

|                                  | 1995   | 1996   | 1997 |
|----------------------------------|--------|--------|------|
| Petitioner                       | 25.00% | 19.88% | 1%   |
| Hon Family Ventures, Ltd.        | 23.08  | 25.36  | 3    |
| Hon Property Investments, Inc.   | .52    | .35    | --   |

Therefore, petitioner, Hon Family Ventures, Ltd., and Hon
Property Investments, Inc., are eligible to receive an award for
costs to the extent of their allocable share in FRC during the
year in which the costs were paid.

   B.  Reasonable Costs

      1.  Services of an Attorney

   Section 7430(c)(1) defines reasonable litigation costs as
reasonable fees paid or incurred for the services of attorneys in
connection with the court proceeding.  Section 7430(c)(3)
provides that fees for the services of an individual (whether or
not an attorney) who is authorized to practice before the Court
or IRS shall be treated as fees for the services of an attorney
for purposes of section 7430(c)(1).  See Cozean v. Commissioner,
109 T.C. 227, 234 (1997) (allowing litigation costs attributable
to services performed by accountants).  We have also allowed

costs attributable to services performed by individuals (e.g., paralegals and law clerks) under the supervision of someone who was authorized to practice before the Court or IRS.  See, e.g., Powers v. Commissioner, 100 T.C. 457, 492-493 (1993), affd. in part, revd. in part and remanded 43 F.3d 172 (5th Cir. 1995). The costs claimed by petitioner are attributable to services performed by individuals who meet these requirements. Accordingly, petitioner is eligible to receive an award for such costs.

## 2.   Reasonable Fees

Section 7430(c)(1)(B)(iii) limits the hourly rate for attorney's fees to $75, with allowance for a higher rate for increases in the cost of living and other special factors (e.g., the limited availability of qualified attorneys).

### a.  Special Factors

Petitioner contends that it is entitled to fees in excess of the statutory rate because (1) petitioner's advisers had special expertise in real estate and tax law, and (2) the prevailing rate in the Los Angeles area exceeds $75.  To qualify for a higher statutory rate, the attorney must have tax expertise that is necessary for the litigation in question.  Pierce v. Underwood, 487 U.S. 552, 572 (1988); Huffman v. Commissioner, 978 F.2d 1139, 1149-1150 (9th Cir. 1992), affg. in part and revg. in part T.C. Memo. 1991-144; Powers v. Commissioner, 100 T.C. at 489. Petitioner has failed to meet this standard.  In addition, the

prevailing hourly rates in the relevant area are not a special factor. Pierce v. Underwood, supra at 571-572; Powers v. Commissioner, 100 T.C. at 489. Therefore, we conclude that petitioner is not entitled to fees in excess of the statutory rate (i.e., as adjusted by increases in the cost of living) and award petitioner attorney's fees at an hourly rate of $104.29 for 1995, $107.37 for 1996, and $109.83 for 1997. See Huffman v. Commissioner, supra at 1151 (stating that 1986 is the appropriate base year for calculating cost of living increases); Galedrige Constr., Inc. v. Commissioner, T.C. Memo. 1997-485 (providing the rates for 1995, 1996, and 1997).

b.  Apportioning and Awarding the Fees and Costs

Petitioner requests an award for 848.5 hours in fees and $4,844.65 in costs. Because petitioner failed to challenge respondent's position relating to the tax matters partner or the period of assessment, petitioner may not receive an award for the 231.2 hours that are attributable to those issues. Therefore, petitioner is eligible to receive an award of fees based on 617.3 hours (i.e., 95.6 hours in 1995, 225.2 hours in 1996, and 296.5 hours in 1997) and $4,844.65 (paid in 1997) in costs.

Accordingly, petitioner is entitled to an award of $7,674; Hon Family Ventures, Ltd., is entitled to an award of $9,555; and

Hon Property Investments, Inc., is entitled to an award of $137 for litigation costs.[1]

All other arguments made by the parties are either irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[1] The awards are determined pursuant to the following formula: (1995 partnership allocation x (1995 hours x 1995 rate)) + (1996 partnership allocation x (1996 hours x 1996 rate)) + (1997 partnership allocation x (1997 hours x 1997 rate) + (1997 allocation x costs) = total award. Thus, the parties' awards were as follows: (1) Petitioner = (.25 x (95.6 x 104.29)) + (.1988 x (225.2 x 107.37)) + (.01 x (296.5 x 109.83)) + (.01 x 4,844.65)); (2) Hon Family Ventures, Ltd. = (.2308 x (95.6 x 104.29)) + (.2536 x (225.2 x 107.37)) + (.03 x (296.5 x 109.83)) + (.03 x 4,844.65)); and (3) Hon Property Investments, Inc. = (.0052 x (95.6 x 104.29)) + (.0035 x (225.2 x 107.37)). All totals are rounded to the nearest dollar.