T.C. Memo. 1999-383


UNITED STATES TAX COURT


LOUIS A. PIETRO AND VIRGINIA R. PIETRO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11722-97.                    Filed November 24, 1999.


<u>Glen A. Stankee</u>, for petitioners.

<u>Sergio Garcia-Pages</u>, for respondent.


MEMORANDUM OPINION


FOLEY, <u>Judge</u>:  This matter is before the Court on
petitioners' Motion for Recovery of Reasonable Litigation Costs
pursuant to section 7430 and Rule 231.  Unless otherwise
indicated, all section references are to the Internal Revenue

Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

On their Federal income tax returns, petitioners did not report income, relating to 1987 through 1991, from controlled foreign corporations that operated concessionaires aboard cruise ships ("CFC" issue); did not report income, relating to 1990, from Marne Investments, Limited ("Marne" issue); and deducted a loss relating to 1991 ("loss" issue). By notice dated March 12, 1997, respondent determined deficiencies, and additions to tax, relating to these issues.

Petitioners resided in Coral Gables, Florida, when they filed the petition on June 6, 1997. Before trial, the parties settled the case. Petitioners conceded that there was a $39,742 deficiency relating to 1990. Respondent conceded all other issues. Petitioners thereafter filed the motion for $15,364 of litigation costs.

## Discussion

We may award litigation costs to petitioners if they meet the statutory requirements. See sec. 7430(b)(1), (b)(3), (c)(1)(B)(iii), (c)(4). After concessions, the remaining issues are whether respondent's positions relating to the Marne and loss

issues were substantially justified and whether certain fees and other costs are reasonable.

## I.  Substantial Justification

We may award costs to petitioners where respondent's position was not substantially justified (i.e., did not have a reasonable basis in law and fact).  See Pierce v. Underwood, 487 U.S. 552, 563-565 (1988).  "The justification for each of respondent's positions must be independently determined." Foothill Ranch Co. Partnership v. Commissioner, 110 T.C. 94, 97 (1998).  Respondent concedes that his position on the CFC issue was not substantially justified.  Respondent contends that his position on the Marne issue was substantially justified, but he offers no law or fact supporting his position.  In addition, respondent failed to contend that his position on the loss issue was substantially justified and offers no law or fact supporting his position.  Thus, respondent has not established that his positions were substantially justified.  See Maggie Management Co. v. Commissioner, 108 T.C. 430, 437-438 (1997) (stating that respondent must establish that his position was substantially justified as to petitions filed after July 30, 1996).

II.  Reasonableness of Fees and Costs

     A.  Attorney's Fees

Petitioners seek reimbursement for attorney's fees at hourly rates of $275 and $280, relating to 1997 and 1998, respectively. Respondent contends these rates are unreasonable.

Section 7430(c)(1)(B)(iii) imposes a statutory rate for attorney's fees (i.e., $110 and $120 per hour, relating to 1997 and 1998, respectively).  See Rev. Proc. 96-59, 1996-2 C.B. 392, 396; Rev. Proc. 97-57, 1997-2 C.B. 584, 587.  Petitioners may receive fees in excess of the statutory rate if the Court determines that "a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate."  Sec. 7430(c)(1)(B)(iii).  The Court has explained:

> in order for the "limited availability of qualified attorneys" to constitute a special factor warranting departure from the [statutory] cap, there must be a limited availability of attorneys who possess distinctive knowledge or a specialized skill needful to the particular litigation in question * * *.

Cozean v. Commissioner, 109 T.C. 227, 232 (1997) (citing Pierce v. Underwood, supra at 572); cf. Powers v. Commissioner, 100 T.C. 457, 489 (1993) (stating that there was no special factor where the case "did not require a distinctive knowledge or specialized skill within the general field of taxation."), affd. in part,

revd. in part, and remanded on another ground 43 F.3d 172 (5th Cir. 1995).

The parties have stipulated that "there were a few other attorneys in South Florida who had the expertise to deal with the issues raised in the notice of deficiency and who charged hourly rates comparable to[,] or higher than, those charged by petitioners' counsel."  In essence, respondent admits that there was limited availability of qualified attorneys, that petitioners' attorney possessed a specialized skill needful for the litigation in question, and that the services could not be obtained at a lower rate.  We also note that respondent has represented to the Court that the CFC issue is "complex" and "a case of first impression" and that petitioners' attorney possessed "recognized expertise in United States international taxation".  Accordingly, petitioners are entitled to the higher rates paid.

The parties stipulated that fees for 4.6 hours in 1998 "relate to legal work which did not require specialized knowledge."  Therefore, no special factor justifies the higher rate for those fees.

B.  Paralegal Fees and Other Costs

Petitioners seek reimbursement for the fees of two paralegals at hourly rates of $120 and $90.  Respondent contends

that $55 per hour (i.e., about half the attorney rate) would be reasonable.  We agree.  See, e.g., <u>Powers v. Commissioner</u>, <u>supra</u> at 493 (awarding paralegal fees at about half the attorney rate).  Accordingly, petitioners are entitled to a rate of $55 per hour (i.e., for 44.7 hours).

Petitioners incurred $163 of reimbursable litigation costs relating to photocopies, postage, Tax Court filing fee, faxes, and telephone calls.  An unsubstantiated $3.50 expense and an $11.50 Federal Express expense shall not be reimbursed.  See <u>Cassuto v. Commissioner</u>, 93 T.C. 256, 275 (1989) (declining to reimburse Federal Express expense absent proof of necessity), affd. in part and revd. in part on another ground 936 F.2d 736 (2d Cir. 1991).

We award petitioners $9,681.

Any other contention made by the parties is irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and</u>

<u>decision will be entered</u>.