T.C. Memo. 2001-231

UNITED STATES TAX COURT

JERRY S. PAYNE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket Nos. 980-95, 26812-95.        Filed August 27, 2001.

Jerry S. Payne, pro se.

<u>Richard T. Cummings</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on petitioner's
motion under Rule 231 for an award of $42,376 in litigation costs
under section 7430.

---

[*]    This opinion supplements our prior Memorandum Opinion, <u>Payne</u>
<u>v. Commissioner</u>, T.C. Memo. 1998-227, revd. 224 F.3d 415 (5th
Cir. 2000).

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the primary issue for decision is whether respondent's position in Payne v. Commissioner, T.C. Memo. 1998-227, revd. 224 F.3d 415 (5th Cir. 2000), as to the tax deficiencies and the fraud additions to tax was substantially justified.

## Background

During 1987 and 1988, petitioner practiced law, and petitioner owned and operated in Houston, Texas, a law firm under the name of Payne & Associates. Petitioner provided extensive legal representation to and eventually managed, controlled, and owned the stock of 2618, Inc. (2618 Inc.), a corporation that owned and operated a topless dance club in Houston, Texas, under the name Caligula XXI (the Club).

Petitioner received funds relating to various transactions involving 2618 Inc., the Club, and other entities and activities. Those funds were generally deposited into petitioner's bank accounts. Portions of those funds were then disbursed from petitioner's bank accounts for and on behalf of 2618 Inc. and the Club; other portions of the funds were used by petitioner for his personal purposes.

During 1987 and 1988, petitioner failed to maintain adequate books and records for his law firm, and adequate books and records were not maintained for 2618 Inc. and for the Club.

On audit, respondent determined that petitioner failed to establish and to substantiate the nature and amount of petitioner's income and expenses claimed on his 1987 and 1988 Federal income tax returns.

Due to the inadequacy of petitioner's books and records, respondent reconstructed petitioner's taxable income for 1987 and 1988 using the specific item and the bank deposits methods of proof. Respondent determined significant increases to petitioner's income over that reported on petitioner's 1987 and 1988 Federal income tax returns, disallowed many claimed business and itemized deductions, made other adjustments, and charged petitioner with the fraud additions to tax for each year.

In our prior Memorandum Opinion, Payne v. Commissioner, T.C. Memo. 1998-227, we sustained in significant part respondent's deficiency determinations, and we concluded that petitioner was liable for the fraud additions to tax for 1987 and 1988.

On appeal, in Payne v. Commissioner, 224 F.3d 415 (5th Cir. 2000), the Court of Appeals for the Fifth Circuit concluded that respondent did not satisfy his clear and convincing burden of proof applicable to the fraud additions to tax, and (because absent fraud the period of limitations for assessment of the tax

deficiencies against petitioner for 1987 and 1988 are expired) the Court of Appeals reversed our holding as to the tax deficiencies for 1987 and 1988 that respondent had determined. Sec. 6501(a), (c); Rule 142(b).

On remand to this Court from the Court of Appeals for the Fifth Circuit for entry of decisions in favor of petitioner, respondent submitted proposed decision documents reflecting zero tax deficiencies for petitioner and no fraud additions to tax for 1987 and 1988.

Petitioner in the instant motion has refused to agree to respondent's proposed decision documents, and petitioner requests that, under section 7430 and Rule 231, an award in his favor of $42,376 in litigation costs be included in the decision documents.

## Discussion

Section 7430(a) provides, among other things, that a taxpayer who qualifies as a prevailing party in this Court may be awarded reasonable litigation costs.

Respondent acknowledges that petitioner exhausted all administrative remedies, and (because of the reversal by the Court of Appeals for the Fifth Circuit of our prior Memorandum Opinion in <u>Payne v. Commissioner</u>, T.C. Memo. 1998-227) respondent acknowledges that petitioner substantially prevailed in the

underlying litigation with regard to respondent's deficiency determinations and fraud additions to tax. Sec. 7430(a), (b)(1), and (c)(4).

Respondent contends, however, that because his position was substantially justified petitioner does not qualify as a prevailing party, that petitioner unreasonably protracted the proceedings, that petitioner does not satisfy the net worth requirements of 28 U.S.C. sec. 2412(d)(2)(B), and that the litigation costs petitioner seeks are not reasonable. Sec. 7430(a), (b), and (c)(4); Foothill Ranch Co. Pship. v. Commissioner, 110 T.C. 94, 97 (1998).

Respondent correctly notes that petitioner's success on appeal does not establish that respondent's position herein was not substantially justified. E.g., Nalle v. Commissioner, 55 F.3d 189, 192 (5th Cir. 1995), affg. T.C. Memo. 1994-182; Lennox v. Commissioner, 998 F.2d 244, 248 (5th Cir. 1993), revg. in part and remanding T.C. Memo. 1992-382.

The test of whether respondent's position was substantially justified is essentially one of reasonableness in law and fact. E.g., Pierce v. Underwood, 487 U.S. 552, 563-564 (1988); Nalle v. Commissioner, supra at 191. The term "substantially justified" means justified to a degree that could satisfy a reasonable person. E.g., Pierce v. Underwood, supra at 565; Nalle v. Commissioner, supra.

We agree with respondent that his position as to the underlying tax deficiencies and the fraud additions to tax for 1987 and 1988 was substantially justified.

In reversing our Memorandum Opinion, the Court of Appeals for the Fifth Circuit noted that in its opinion there existed a lack of persuasive evidence in favor of petitioner or respondent and based its reversal on respondent's burden of proof. Payne v. Commissioner, 224 F.3d at 420-424. The Court of Appeals stated as follows: "Despite our painstaking review of the record, we are unable to determine which of these competing positions more closely comports with reality." Id. at 424. The Court of Appeals continued --

> The expansive record in this case certainly demonstrates that Payne has no acumen for keeping orderly records of his financial dealings; and we sympathize with the government and the Tax Court for the difficulty they faced in reconstructing Payne's financial affairs and then attempting to determine their tax consequences. In addition, we are aware that, in some cases, poor record keeping has been deemed indicative of fraud. * * *
> * * * This evidentiary equipoise results in a draw * * * [Id.]

We believe and so hold that the fact that we decided the underlying issues in favor of respondent combined with the fact that the Court of Appeals for the Fifth Circuit reversed on the basis of a "draw" establishes that the position of respondent

herein as to the tax deficiencies and the fraud additions to tax was substantially justified.

We are aware of the recent District Court opinions involving petitioner and respondent. See Payne v. United States, 91 F. Supp. 2d 1014 (S.D. Tex. 1999), on appeal (5th Cir., argued Apr. 3, 2001), and Payne v. United States, 85 AFTR 2d 564, 2000-1 USTC par. 50,218 (S.D. Tex. 1999), on appeal (5th Cir., argued Apr. 3, 2001), in which damages and litigation costs were awarded to petitioner as a result of what was regarded by the District Court as improper disclosure by respondent of tax return information relating to petitioner's 1987 and 1988 tax liabilities, the same years involved herein. Secs. 6103, 7431(a)(1). At the District Court level, petitioner was awarded $1,536,680 in actual damages, $1,000 in punitive damages, and $105,361 in litigation costs. Payne v. United States, 91 F. Supp. 2d at 1029; Payne v. United States, 85 AFTR 2d at 567, 2000-1 USTC par. 50,218 at 83,590.

We emphasize, however, that the above District Court opinions, now on appeal, involved the manner by which respondent conducted the audit of petitioner's 1987 and 1988 Federal income tax returns. In contrast, the instant litigation pertains to respondent's substantive tax deficiencies and additions to tax arising out of that audit.

The above District Court opinions and the award to petitioner therein of damages and litigation costs do not constitute a finding that respondent's position with regard to the underlying tax deficiencies and fraud additions to tax was not substantially justified.

In light of our conclusion that respondent's position as to the underlying tax deficiencies and the fraud additions to tax was substantially justified, we need not decide whether petitioner protracted the litigation, whether petitioner satisfied the net worth limitations of 28 U.S.C. sec. 2412(d)(2)(B), or whether petitioner's claimed litigation costs were reasonable.

For the reasons stated, petitioner's motion for litigation costs will be denied.

Appropriate orders and decisions will be entered.