150 T.C. No. 10

UNITED STATES TAX COURT

DYNAMO HOLDINGS LIMITED PARTNERSHIP,
DYNAMO, GP, INC., TAX MATTERS PARTNER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

BEEKMAN VISTA, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 2685-11, 8393-12.          Filed May 7, 2018.

In these consolidated cases C, a corporation, and P, a partnership, share common ownership. During the years in issue C transferred property to P. R argues that the transfers were gifts among the ultimate beneficial owners. R argues in the alternative that the transfers were for less than fair market value and that the amounts of the discount are subject to withholding tax under I.R.C. secs. 1442 and 1445(e)(3). R determined that penalties under I.R.C. sec. 6662(a) applied to the adjustments in the P proceeding and also determined additions to tax under I.R.C. sec. 6651(a)(1) and penalties under I.R.C. sec. 6656(a) against C.

In <u>Graev v. Commissioner</u>, 149 T.C. __ (Dec. 20, 2017), <u>supplementing</u> 147 T.C. 460 (2016), we held that in cases where the Commissioner bears the burden of production with respect to

penalties under I.R.C. sec. 7491(c), the burden of production includes evidence of written supervisory approval of penalties as required by I.R.C. sec. 6751(b)(1). Under I.R.C. sec. 7491(c), R "shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title."

R filed a motion to reopen the record to supplement existing proof of supervisory approval. C and P moved for dismissal as to the penalties because R did not meet the burden of production with respect to penalties under I.R.C. sec. 7491(c).

Held: In a partnership-level proceeding R does not bear the burden of production with respect to penalties under I.R.C. sec. 7491(c).

Held, further, where the Commissioner does not bear the burden of production as to penalties, the lack of supervisory approval of penalties may be raised as a defense to those penalties.

Held, further, C and P did not raise the lack of supervisory approval of penalties as a defense to penalties, and therefore the defense is waived.

Held, further, the motion to reopen the record will be denied.

Held, further, the motion to dismiss as to penalties will be denied.

Martin R. Press, Edward A. Marod, Clinton R. Losego, Lu-Ann M. Dominguez, Alan S. Lederman, and John W. Terwilleger, for petitioners.

David B. Flassing, Lisa M. Goldberg, William G. Merkle, Timothy A. Sloane, and G. Roger Markley, for respondent.


BUCH, Judge: The issue before us is whether we should grant the Commissioner's motion to reopen the record to receive further evidence concerning supervisory approval of the penalties that are at issue. In deciding this issue, we must confront the question of whether the Commissioner bears the burden of production with respect to penalties under section 7491(c) in a partnership-level proceeding.[1]

Petitioners in these consolidated cases are Beekman Vista, Inc. (Beekman Vista), a U.S. corporation, and Dynamo GP, Inc. (Dynamo GP), the tax matters partner of Dynamo Holdings Limited Partnership (Dynamo), a partnership. The Commissioner determined an addition to tax under section 6651(a)(1) and a penalty under section 6656(a) against Beekman Vista and determined that a penalty under section 6662(a) applies to the adjustments for Dynamo. In the past we have questioned whether the Commissioner bears the burden of production with respect to penalties under section 7491(c) in a partnership-level proceeding,

---

[1]All section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

but we have never expressly ruled on the issue. We hold that the Commissioner does not bear the burden of production with respect to penalties in a partnership-level proceeding.

FINDINGS OF FACT

Beekman Vista is a Delaware corporation that is wholly owned by a Canadian entity. It is a property development company that specializes in developing property in southern Florida, and its principal place of business is Florida. Dynamo is a partnership formed in Delaware with its principal place of business is Florida. Like Beekman Vista, Dynamo is in the business of property development and specializes in developing property in southern Florida. Dynamo and Beekman Vista have at least one direct owner in common and share other indirect beneficial owners.

During 2005, 2006, and 2007, the years in issue, there were transfers of property among Beekman Vista, Dynamo, and entities owned by each of them. The Commissioner principally argues that those transfers were gifts among the beneficial owners of Beekman Vista and Dynamo. Beekman Vista and Dynamo GP argue that the transfers were sales paid for with loans that were eventually repaid. If we find bona fide loans, the Commissioner argues that the transfers were for less than fair market value and that the discounts were constructive

distributions subject to withholding taxes. Beekman Vista and Dynamo GP argue that the transfers were for fair market value. We will address these issues in a separate opinion.

The Commissioner examined Beekman Vista's income tax returns for tax years ending June 30, 2004 through 2008, and Dynamo's partnership returns for 2005, 2006, and 2007.

The income tax examination of Beekman Vista's returns led to an examination of whether Beekman Vista properly withheld taxes under section 1442. On February 1, 2012, the Commissioner issued a notice of deficiency to Beekman Vista for 2005 and 2006. The Commissioner determined that Beekman Vista was liable for withholding taxes and for an addition to tax under section 6651(a)(1) and a penalty under section 6656(a) for each year. Beekman Vista filed a timely petition challenging the deficiencies, the additions to tax, and the penalties. In an amendment to answer the Commissioner asserted an increased deficiency, an increase to the addition to tax under section 6651(a)(1), and an increase to the amount of the section 6656(a) penalty for each year.

The Commissioner issued a notice of final partnership administrative adjustment (FPAA) with respect to Dynamo for 2005, 2006, and 2007 on December 28, 2010. In addition to various adjustments to partnership items, the

Commissioner determined the applicability of accuracy-related penalties under section 6662(a) and (b)(1) and (2) for negligence and substantial understatements of income tax.

In their respective petitions, neither Beekman Vista nor Dynamo GP raised the issue of whether the Commissioner complied with the supervisory approval requirement of section 6751(b). The cases were consolidated, and a two-week trial was held in early 2017.

On December 20, 2017, the Court issued an Opinion in Graev v. Commissioner (Graev III), 149 T.C. ___ (Dec. 20, 2017), supplementing 147 T.C. 460 (2016). In Graev III, 149 T.C. at ___ (slip op. at 14), we held that in cases in which the Commissioner bears the burden of production with respect to penalties under section 7491(c), the burden of production includes evidence of written supervisory approval of penalties as required by section 6751(b)(1). On December 21, 2017, we issued an order in these consolidated cases directing the parties' attention to Graev III and ordering the Commissioner to file a response to both address the effect of section 6751(b) on these cases and to direct the Court to any evidence of section 6751(b) supervisory approval in the record. Beekman Vista and Dynamo GP were also given the opportunity to respond to the December 21, 2017, order.

On January 19, 2018, the Commissioner filed his response. He observes that, under section 6751(b)(2)(A), supervisory approval is not required for additions to tax under section 6651. As for the penalties under sections 6656(a) and 6662(a), the Commissioner argues that he does not bear the burden of production because neither Beekman Vista nor any of Dynamo's partners were individuals. He further argues that, even if he does bear the burden of production with respect to penalties under sections 6656(a) and 6662(a), he has met that burden.

To establish that he complied with the supervisory approval requirement under section 6751(b) for the section 6662(b)(2) substantial understatement of income tax penalty asserted against Dynamo, the Commissioner directs us to documents titled Substantial Understatement Penalty Worksheet for 2006 and 2007.[2] These worksheets were signed by Team Manager Niveen Malaty. According to the Commissioner's response to the Court's December 21, 2017, order, Team Manager Malaty is the supervisor of the revenue agent who initially determined the penalties.

---

[2]Although the FPAA purported to determine an accuracy-related penalty for each year 2005 through 2007, the Commissioner argues that no penalty was asserted for 2005 because the FPAA adjustments resulted in a net reduction of Dynamo's income.

To establish that he complied with the supervisory approval requirement with respect to the penalties under section 6656(a) that were determined in the notice of deficiency, the Commissioner directs us to a letter transmitting the examination report to the taxpayer's representative. The letter is signed by Team Manager Malaty and transmits an examination report containing penalty determinations made by the revenue agent. The Commissioner again represents that Team Manager Malaty is the supervisor of the revenue agent who initially determined the penalties. The Commissioner also directs us to a Form 5701, Notice of Proposed Adjustment, for 2005 and 2006 that was signed by Team Manager Richard Blumenthal. The Commissioner represents that Team Manager Blumenthal is the supervisor for one of the revenue agents working on the matter. The Commissioner did not direct the Court to any evidence in the record concerning supervisory approval of the increased penalties asserted against Beekman Vista in the amendment to answer.[3]

On January 26, 2018, Beekman Vista and Dynamo GP filed a response to the December 21, 2017, order. They argue that the Commissioner bears the burden of production for the section 6656(a) penalty at issue in the Beekman Vista

---

[3]All of the documents relied on by the Commissioner to establish supervisory approval were offered at trial by the petitioners and admitted into evidence over objections by the Commissioner.

deficiency proceeding and the section 6662(a) penalty at issue in the Dynamo partnership-level proceeding. They also argue that the Commissioner did not meet the burden of production with respect to supervisory approval as required by section 6751(b) because the Commissioner did not establish that Team Manager Malaty and Team Manager Blumenthal were the appropriate supervisors to approve the penalty determinations.

On February 2, 2018, both the Commissioner and petitioners filed motions with the Court. The Commissioner filed a motion to reopen the record, arguing that the Court should reopen the record to allow additional testimony from the supervisors and revenue agents involved in the cases to reinforce the evidence of supervisory approval. The Commissioner asserts that petitioners will not be prejudiced because they will have the opportunity to interview the witnesses. Notably, the Commissioner does not indicate any intent to offer evidence of supervisory approval of the increased penalties asserted in his amendment to answer.

Petitioners filed a motion to dismiss as to the penalties under sections 6656 and 6662. They argue that the Commissioner bears the burden of production under section 7491(c) and must meet the supervisory approval requirement under section 6751(b) as a part of that burden. They also argue that the Commissioner

did not meet that burden because he did not establish that Team Manager Malaty and Team Manager Blumenthal were immediate supervisors. They contend that because the Commissioner did not meet his burden the Court should dismiss as to the penalties under sections 6656 and 6662.

## OPINION

Under section 7491(c) the Commissioner "shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." We will deny the Commissioner's motion to reopen the record because, under the applicable statutes, the Commissioner does not bear the burden of production with respect to penalties in a corporate or partnership-level proceeding. We will deny petitioners' motion to dismiss as to these penalties for the same reason. As to the increased penalties first raised in his amendment to answer, we will deny the motion to reopen the record, because the Commissioner did not offer through his motion any evidence to support the supervisory approval of those penalties.

## I.    Reopening the Record

Whether to reopen a record is a matter left to the discretion of the Court. In his motion to reopen the record the Commissioner cites United States v. Byrd, 403 F.3d 1278 (11th Cir. 2005), an opinion of the Court of Appeals for the Eleventh

Circuit, the court to which these cases can be appealed. In Byrd, that Court of Appeals adopted a four-part inquiry to aid courts in determining whether they should reopen a record. Id. at 1283-1284. The four factors are (1) the timeliness of the motion, (2) the character of the testimony to be offered, (3) the effect of granting the motion, and (4) the reasonableness of the request. Id. at 1284. The factor most relevant to these cases is the third: the effect of granting the motion. If we conclude that granting a motion to reopen the record would not affect the outcome of the cases, the motion should be denied. Granting such a motion would be a meaningless gesture if it would not affect the outcome, and it would be a waste of judicial resources. See Butler v. Commissioner, 114 T.C. 276, 287 (2000). Accordingly, we turn to the question of what would be the effect, if any, of granting the Commissioner's motion.

II. Penalties at Issue

The notice of deficiency issued to Beekman Vista determined for each year an addition to tax under section 6651(a) for failure to file and a penalty under section 6656 for failure to make deposits. The FPAA issued with respect to Dynamo determined the applicability of an accuracy-related penalty under section 6662(a). Additions to tax under section 6651 are not subject to the supervisory approval requirement of section 6751. See sec. 6751(b)(2)(A). Accordingly,

whether there was supervisory approval for the section 6651(a) addition to tax is not an issue we need to consider.

III.    Burden of Production Under Section 7491(c)

Under section 7491(c) the Commissioner "shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." Here, we have a consolidated proceeding involving the liability of a corporation (Beekman Vista) and determinations relating to a partnership (Dynamo). We will address each proceeding separately.

A.    Beekman Vista

The first, and perhaps easiest, issue to address is the Commissioner's burden of production as to the section 6656 penalty determined against Beekman Vista in the notice of deficiency. In NT, Inc. v. Commissioner, 126 T.C. 191 (2006), the Court held that the Commissioner does not bear the burden of production under section 7491(c) with respect to penalties asserted against a corporation. The Court's analysis was succinct and direct: "Section 7491(c) applies specifically only to the liability of an 'individual for any penalty, addition to tax, or additional amount imposed by this title.' Petitioner is not an individual; it is a corporation." NT, Inc. v. Commissioner, 126 T.C. at 195 (citation omitted) (quoting section

7491(c)).  The holding in <u>NT, Inc.</u> is unaffected by our holding in <u>Graev III</u>.  The Commissioner does not bear the burden of production regarding the liability of a corporation for penalties.  As a result, the Commissioner does not have the burden of production as to supervisory approval under section 6751(b) for a penalty determined against a corporation in a notice of deficiency.

B.    <u>Dynamo</u>

We have previously considered whether the Commissioner bears the burden of production with regard to penalties determined in partnership-level proceedings.  At times we have taken the Commissioner's burden for granted. <u>See, e.g.</u>, <u>RERI Holdings I, LLC v. Commissioner</u>, 149 T.C. ___, ___ (slip op. at 33) (July 3, 2017); <u>Curtis Inv. Co. v. Commissioner</u>, T.C. Memo. 2017-150, at *37.  In several cases we have examined the statute but expressly declined to rule on whether the burden of production lies with the Commissioner with respect to penalties.  <u>See, e.g.</u>, <u>Palmer Ranch Holdings, Ltd. v. Commissioner</u>, T.C. Memo. 2014-79, at *43-*44, <u>aff'd in part, rev'd in part, and remanded</u>, 812 F.3d 982 (11th Cir. 2016); <u>Santa Monica Pictures, LLC v. Commissioner</u>, T.C. Memo. 2005-104, 89 T.C.M. (CCH) 1157, 1225 (2005).  In those cases we found that we did not need to address the issue because the Commissioner had met the burden of

production, regardless of whether he was required to do so. Now we must address this issue.

### 1. Written Supervisory Approval Under Section 6751(b)(1)

The question of whether the Commissioner bears the burden of production for penalties under section 7491(c) in partnership-level proceedings has become more pressing. In Graev III we held that the Commissioner's burden of production includes evidence of written supervisory approval as required by section 6751(b)(1). Graev III, 149 T.C. at ___ (slip op. at 14). Under section 6751(b) there must be written supervisory approval by the immediate supervisor of the individual making the determination unless the additions to tax are under section 6651, 6654, or 6655, or the penalties are automatically calculated through electronic means.[4]

In these cases the Commissioner directed us to evidence of supervisory approval of accuracy-related penalties determined under section 6662(a), but that evidence is inconclusive, particularly as to the question of whether the approving official was the immediate supervisor of the person who initially determined the penalties. If the Commissioner bears the burden of production in these cases, it is

---

[4]The Commissioner does not argue that the penalties were automatically calculated through electronic means.

not clear that he has met that burden. If the Commissioner does not bear the burden of production, then the burden lies with petitioners.

### 2. Partnership-Level Proceedings

Under a plain reading of the statutes governing partnership-level proceedings, such proceedings are not with respect to the liabilities of individuals. Under section 6221 the tax treatment of partnership items[5] is determined at the partnership level. The applicability of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item is also determined at the partnership level. Secs. 6221, 6226(f). The Commissioner conducts a partnership-level administrative proceeding to determine adjustments to partnership items and the applicability of any penalty, addition to tax, or additional amount relating to those adjustments. That proceeding may result in an FPAA. Sec. 6223(a)(2). Under section 6226, the Tax Court has jurisdiction to review an FPAA upon the filing of a timely petition of a tax matters partner or a notice partner. In a proceeding brought in the Tax Court, the Court has jurisdiction to determine the tax treatment of all partnership items for the taxable year at issue,

---

[5]A partnership item is "any item required to be taken into account for the partnership's taxable year under any provision of subtitle A to the extent regulations prescribed by the Secretary provide that * * * such item is more appropriately determined at the partnership level than at the partner level." Sec. 6231(a)(3).

not just those included in the FPAA, and the applicability of any penalty, addition

to tax, or additional amount relating to those adjustments.  Sec. 6226(f).

Once a partnership-level proceeding is final, the liability of the partners, if

any, may be determined in a partner-level proceeding, which may involve a

computational adjustment or a notice of deficiency.  See sec. 6230(a).  In that

partner-level proceeding a partner may raise defenses to penalties and additions to

tax.  Sec. 301.6221-1(d), Proced. & Admin. Regs.

The very nature of a partnership-level proceeding is inconsistent with

section 7491(c), which focuses on liability.  A partnership-level proceeding

determines the treatment of partnership items and the applicability of a penalty at

the partnership level, but not the liability of any partner for either tax or penalties.

If a partner's liability is affected by a partnership-level determination, the partner's

liability, if any, is determined later at the partner level.  Desmet v. Commissioner,

581 F.3d 297, 302 (6th Cir. 2009), aff'g in part, remanding in part Domulewicz v.

Commissioner, 129 T.C. 11 (2007).  And even if the applicability of a penalty is

determined at the partnership level, that penalty may not apply to any particular

partner.[6]  Therefore, under a plain reading of the applicable statutes, section

---

[6]For example, the Court might determine at the partnership level that a
substantial understatement penalty is applicable, but partner-level computations

(continued...)

7491(c) does not apply, and the Commissioner does not bear the burden of production with respect to penalties and additions to tax in a partnership-level proceeding.

Not only do partnership-level proceedings not determine liabilities, but they also are not proceedings with respect to individuals. See sec. 7491(c). Partnerships themselves are not individuals. Sec. 761(a). The term "individual" is not explicitly defined in the Code. When a term is not defined, we give it its ordinary meaning. FDIC v. Meyer, 510 U.S. 471, 476 (1994); Gates v. Commissioner, 135 T.C. 1, 6 (2010). Black's Law Dictionary 892 (10th ed. 2014) defines the word "individual" as "1. Existing as an indivisible entity. 2. Of, relating to, or involving a single person or thing, as opposed to a group." Merriam-Webster's Collegiate Dictionary 593 (10th ed. 1996) defines "individual" as "a particular being or thing as distinguished from a class, species, or collection: [such] as * * * a single human being". The "single human being" definition is consistent with the Code. Section 7701(a)(1) defines a person as "an individual, a trust, estate, partnership, association, company or corporation", making clear that an individual is distinct from any of the other entities on the list.

---

[6](...continued)
may reveal that a particular partner, or perhaps no partner, meets the threshold for a substantial understatement of income tax. See sec. 6662(d).

Section 7491(c) does not focus on parties but on the nature of the proceeding.  Partners are treated as the parties to a partnership-level proceeding, Chef's Choice Produce, Ltd. v. Commissioner, 95 T.C. 388, 395 (1990), but the proceeding itself is conducted at the partnership level.  It is the partnership return that is examined; it is partnership items that are adjusted; and it is partnership items and the applicability of penalties that are determined in a partnership-level proceeding.  See, e.g., sec. 6226(f); sec. 301.6221-1(c), Proced. & Admin Regs.  Defenses to penalties that are unique as to any particular partner (individual or otherwise) are not part of the partnership-level proceeding.  Sec. 301.6226(f)-1(a), Proced. & Admin Regs.  In contrast, section 7491(c) applies "in any court proceeding with respect to the liability of any individual for any penalty".

We can infer from other Code provisions that Congress did not intend section 7491(c) to apply in a partnership-level proceeding.  For example, section 7430 allows for the awarding of costs and fees to a prevailing party.  Sec. 7430(a).  As noted above, in a partnership-level proceeding the partners are treated as parties.  Sec. 6226(c).  Thus, when applying the net worth requirements under that statute, we have looked to the partners as the parties, because the statute focuses on a prevailing party.  See, e.g., Foothill Ranch Co. P'ship v. Commissioner, 110 T.C. 94, 99 (1998).  But section 7491(c) does not focus on "parties".

A close examination of the prevailing party rule within section 7430 helps to sharpen the distinction.  The definition of prevailing party in section 7430(c)(4) refers to 28 U.S.C. sec. 2412(d)(2)(B), which defines a party for the purposes of actions to recover legal fees.  In defining "party" for purposes of that provision, Congress listed individuals separately from "any owner of an unincorporated business, or any partnership" in the definition of party. In contrast, section 7491(c) does not contain any reference to owners of an unincorporated business.  Had Congress wanted to include the owners of an unincorporated business in the effect of section 7491(c), it knew how to do so.

There is evidence within section 7491 itself that Congress intended to narrowly define the scope of section 7491(c).  Whereas section 7491(c) refers to the "liability of any <u>individual</u> for any penalty" (emphasis added), the burden-shifting rule of section 7491(a) speaks of the "liability of the <u>taxpayer</u> for any tax" (emphasis added), and section 7491(a)(2)(C) makes it clear that burden shifting under subsection (a) explicitly applies to "<u>partnership[s]</u>" (emphasis added).  But section 7491(c) is explicitly limited to proceedings with respect to the liability of any individual.  As we reasoned in <u>Santa Monica Pictures, LLC v. Commissioner</u>, 89 T.C.M. (CCH) at 1225, "[p]lainly, by using the different terms 'individual' and 'taxpayer', Congress intended to distinguish the two terms."

### 3. Administrative and Judicial Efficiency

There are practical concerns in partnership-level proceedings that make this the only reasonable approach. Because partnerships are not individuals, the only other potential approach would be to determine who has the burden of production by looking through to the taxpaying partners. But the hallmark of a partnership item, and by extension a partnership-level proceeding, is that it is common to all partners. Grigoraci v. Commissioner, T.C. Memo. 2002-202, 84 T.C.M. (CCH) 186, 189 (2002).

The practical effect of applying section 7491(c) in a partnership-level proceeding would be to require the Commissioner and the Court to identify the ultimate taxpaying partners of a partnership to determine who bears the burden of production as to penalties. In cases with tiered partnership structures the Commissioner and the Court would spend time and resources to identify the ultimate taxpaying partners, something the TEFRA notice provisions are designed to avoid. See sec. 6223(c). And in a partnership in which one of the ultimate taxpaying partners is a corporation and another is an individual, the Commissioner would bear the burden of production as to one partner but not the other. As applied in cases like these, the Court might need to render separate holdings if the

Commissioner did not have the burden of production as to one partner but had the burden of production (and failed to meet it) as to another partner.

### 4. Conclusion

The Commissioner does not bear the burden of production with respect to penalties in a partnership-level proceeding. To the extent RERI Holdings I and Curtis Inv. Co. state that the Commissioner has the burden of production with respect to penalties in partnership proceedings, they are not followed.

Our conclusion that the Commissioner does not bear the burden of production under section 7491(c) does not necessarily mean that the Commissioner's motion to reopen the record should be denied. A taxpayer may raise the lack of supervisory approval as a defense to penalties, Graev III, 149 T.C. ___, and if that issue were validly raised, the Commissioner might want to supplement the record to respond. But Dynamo GP did not raise the lack of penalty approval in its petition, at trial, or on brief. It was not until the Court directed the parties' attention to Graev III, after the record was closed and the case was fully submitted, that petitioners challenged the sufficiency of the written penalty approval in the record. And even then, Dynamo GP did not seek to reopen the record to dispute whether penalty approval occurred. Consequently, we

consider the defense to have been waived.  Rule 151; <u>Petzoldt v. Commissioner</u>, 92 T.C. 661, 683 (1989).

This brings us back to the third factor in <u>Byrd</u>:  whether granting a motion to reopen the record would affect the outcome of the case.  The Commissioner did not have the burden of production as to supervisory approval under section 6751(b), and Dynamo GP did not challenge supervisory approval.  There is no need for the Commissioner to supplement the record as to the penalty asserted in the Dynamo proceeding because, even if he supplemented the record, it would have no effect on the outcome of the section 6751(b) issue.

III.     Penalties Raised in the Amendment to Answer

We have concluded that, as to those items included in the notice of deficiency issued to Beekman Vista and the FPAA issued with respect to Dynamo, the Commissioner does not have the burden of production as to penalties under section 7491(c).  We have another burden issue we must consider:  the increase in the section 6656 penalty that was asserted in the Commissioner's amendment to answer in <u>Beekman Vista</u>.[7]

---

[7]The Commissioner also asserted an increased addition to tax under section 6651, but supervisory approval is not required for that addition to tax.  Sec. 6751(b)(2)(A).

The Commissioner bears the burden of proof on any new matter, increases in deficiency, or affirmative defenses pleaded in his answer. Rule 142(a); Shea v. Commissioner, 112 T.C. 183, 190-191 n.10 (1999). The Commissioner filed an amendment to answer that, among other things, increased the amount of the section 6656 penalty against Beekman Vista. The Commissioner has the burden of proof on the increase. Rader v. Commissioner, 143 T.C. 376, 389 (2014).

The Commissioner's motion to reopen the record is silent as to supervisory approval of the penalty amount that was first asserted in the amendment to answer. The Commissioner, in his January 19, 2018, response to the Court's December 21, 2017, order does not cite any evidence in the record of supervisory approval of the determination to increase the penalty in the amendment to answer. And in his motion to reopen the record, the Commissioner does not proffer any evidence regarding supervisory approval of the determination to assert an increased penalty amount in the amendment to answer.

Because the Commissioner did not proffer any information concerning supplementing the record as to the penalty for which he has the burden of proof, there is no basis for us to reopen the record for any such proof that might exist.

IV.    Motion To Dismiss

We also must deny petitioners' motion to dismiss as to penalties.  That motion asks that we dismiss as to penalties because the Commissioner did not meet his burden under section 7491(c).  But as we have held, the Commissioner does not bear the burden of production as to penalties in partnership-level or corporate proceedings.  The Commissioner did not fail to meet his burden of production, because the burden was not his to meet as to those penalties included in the notice of deficiency and the FPAA.  As for the increased penalty asserted by the Commissioner in his amendment to answer in Beekman Vista, the question of whether the Commissioner met his burden of proof is an issue to be resolved on the merits, which we will address in a separate opinion.

V.    Conclusion

Section 7491(c) imposes the burden of production on the Commissioner "in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount" imposed under the Internal Revenue Code.  A partnership is not an individual, and a partnership-level proceeding is not a proceeding with respect to the liability of any individual.  Consequently, the Commissioner does not bear the burden of production with respect to penalties, additions to tax, or additional amounts in a partnership-level proceeding.  Because

reopening the record would not affect the outcome of these proceedings, the Commissioner's motion to reopen the record will be denied. And because the Commissioner does not bear the burden of production, petitioners' motion to dismiss will likewise be denied.

<u>An appropriate order will be issued</u>.

Reviewed by the Court.

MARVEL, FOLEY, GALE, THORNTON, GOEKE, HOLMES, GUSTAFSON, PARIS, MORRISON, KERRIGAN, LAUBER, NEGA, PUGH, and ASHFORD, <u>JJ</u>., agree with this opinion of the Court.

VASQUEZ, <u>J</u>., did not participate in the consideration of this opinion.